**HENDRIX, Plaintiff, v. HENDRIX, Defendant.**

Common Pleas Court, Summit County.

No. 177983. Decided February 20, 1951.

J. Noon Marsh, Akron, for plaintiff.

**OPINION**

By EMMONS, J.

In this case the defendant is an inmate of the Missouri State Penitentiary, having been sentenced for forgery. The Sheriff of Cole County, State of Missouri, was appointed and authorized by the Sheriff of Summit County, Ohio, to serve summons and a copy of the petition upon the defendant in the penitentiary. This was done and return made according to law, but there was no service by publication.

Query: Is this good service so as to give this Court juris-

diction in the instant case to pronounce a divorce for the plaintiff in an uncontested divorce action?

In 11 Decisions Reprint, 760, a common pleas court concluded that §11297 GC prevailed in divorce cases and that when service may be made by publication, personal service of a copy of the summons and petition may be made out of the state, however, that is a section of the statute that governs service of summons generally, but in divorce actions, which are governed exclusively by statute, there are two sections under the heading of divorce and alimony, to-wit: §§11983 and 11984 GC, which alone are controlling in service of summons in divorce cases.

Sec. 11983 GC provides:

"When the defendant is a resident of this state, the clerk shall issue a summons directed to the sheriff of the county in which he or she resides or is found."

By "the county" the legislature did not intend it to be a county of another state, it meant a county within the State of Ohio.

Sec. 11984 GC provides:

"**If the defendant is not a resident of this state** or his residence is unknown, notice of the pendency of the action must be given by publication **as in other cases.**"

This case is not parallel to the case of **Tucker v. Tucker,** reported in **143 Oh St page 658,** for the reason that there personal service was irregularly made on the defendant which was not quashed, or sought by him to be quashed, and wherein he filed an answer in which was incorporated an entry of appearance and waiver of issuance and service of summons and a denial of the material affirmations of the petition. Such facts are not present in this case.

Divorces are social expediencies created by statute and governed solely by them. When a special statute is irreconcilable with a general statute the specific statute prevails. Thus §11984 GC controls in divorce actions over §11297 GC, which is general in nature.

Sec. 11984 GC is a mandatory statute and a strict compliance therewith is necessary.

Since the defendant is out of the State of Ohio and cannot be served personally in Ohio, and is a nonresident, the only other alternative is service by publication and mailing a copy of the summons and petition to the defendant, unless, as in Tucker v. Tucker, after irregular personal service the defendant waived the issuance and service of summons, entered his appearance and filed his answer in the case.

The Court therefore finds that since service in the instant

case was not had in conformity to the statutes of the State of Ohio the Court has no jurisdiction to grant the divorce in the instant case until such a time as the service of summons has been rectified. The case is therefore continued for that purpose.